IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TUNG MANH NGUYEN,        §
(A/K/A TUAN NGUYEN)        §
       §
     Petitioner,        §
       §
VS.        §      CIVIL ACTION NO. H-09-1575
       §
RICK THALER,        §
       §
     Respondent.        §

## MEMORANDUM AND OPINION

The petitioner, Tung Manh Nguyen, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for aggravated robbery. The respondent moved for summary judgment on the ground that this petition was filed too late. (Docket Entry No. 13). The respondent also filed a copy of the state court record. (Docket Entry No. 12). Nguyen filed a response. (Docket Entry No. 16).

Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

## I.    Background

Nguyen pleaded guilty in state court to aggravated robbery, a felony. (Cause Number 732045). On July 15, 1997, the trial court sentenced Nguyen to fifty years in prison. Nguyen did not appeal the conviction or sentence.

On September 18, 1996, Nguyen pleaded guilty in federal court to conspiracy to engage in racketeering and use of a firearm during a crime of violence. (Criminal Action Number 8:95-CR-

189-SCB-2, United States District Court for the Middle District of Florida). Nguyen was placed in federal custody to serve a 170-month sentence. (Docket Entry No. 13, Ex. A, p. 2). Nguyen was received in TDCJ-CID custody on October 17, 2007 to serve his 50-year sentence. (*Id.*).

Nguyen filed a petition for a writ of mandamus on December 14, 2005. The Texas Court of Criminal Appeals denied it on January 11, 2006. *Ex parte Nguyen,* Application No. 63,656-01 at cover. Nguyen filed an application for state habeas corpus relief on September 11, 2008. The state habeas court denied this motion, finding that laches barred Nguyen's claims and that on the merits, he failed to overcome the presumption that his guilty plea was voluntary and that counsel had rendered effective assistance. *Ex parte Nguyen,* Application No. 63,656-02 at 100-101. The Texas Court of Criminal Appeals denied relief without written order, on findings of the trial court, without a hearing, on February 4, 2009. *Id.* at cover.

On May 21, 2009, this court received Nguyen's federal petition. The petition was filed when Nguyen tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Nguyen deposited his federal petition in the prison mail on the date he signed it, May 19, 2009. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

In his federal petition, Nguyen contends that his conviction is void because:

(1)   the trial court failed to admonish him as to the range of punishment;

(2)   the trial court failed to determine if the guilty plea was influenced by fear or persuasion; and

(3)   he did not enter his guilty plea voluntarily because counsel rendered ineffective assistance.

2

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8).

The threshold issue is whether this petition was filed too late to permit this court to consider Nguyen's claims on the merits. After reviewing the petition for a writ of habeas corpus and available online state court records, this court ordered Nguyen to file a written submission by July 28, 2009, showing why this case should not be dismissed because it was filed too late. (Docket Entry No. 4). Nguyen complied on July 27, 2009. (Docket Entry No. 6). On August 12, 2009, this court determined that dismissal on the existing record was not appropriate and ordered the respondent to file a dispositive motion. (Docket Entry No. 7). This motion followed.

**II.     Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under this statute, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The state trial court convicted Nguyen on July 15, 1997. Nguyen's conviction became final on August 14, 1997, when the time expired for filing an appeal in the Texas Court of Appeals. *See* TEX. R. APP. P. 26.2 (formerly TEX. R. APP. P. 41(b)(1)). The one-year limitations period for filing a federal habeas petition under § 2254 ended on August 14, 1998. Nguyen filed this application on February 4, 2009.

A.      **Statutory Tolling**

1.      **Pendency of State Application**

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2) (West 1997). The Texas Court of Criminal Appeals denied Nguyen's state application on February 4, 2009. The limitations period ended on August 14, 1998, but Nguyen waited until May 19, 2009 before filing his federal petition. Nguyen's state application did not toll the limitations period because Nguyen filed it long after the limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

4

### 2.    Pendency of Petition for a Writ of Mandamus

Nguyen may argue that the limitations period should be tolled during the pendency of his petition for a writ of mandamus.  Nguyen filed this petition on December 14, 2005, and the Texas Court of Criminal Appeals denied it on January 11, 2006.  *Ex parte Nguyen,* Application No. 63,656-01 at cover.  The case law is clear that an application for a writ of mandamus does not toll the federal limitations period because it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment."  *Moore v. Cain*, 298 F.3d 361, 366 (5th Cir. 2002).  In his state court mandamus application, Nguyen sought to compel the state trial court to appoint counsel so he could file a state application for post-conviction relief.  *Ex parte Nguyen,* Application No. 63,656-01 at cover.  Nguyen's mandamus application sought an order directing the trial court to perform its duty, as did the mandamus application at issue in *Moore*.  Nguyen's petition for a writ of mandamus did not challenge the judgment under which Nguyen is incarcerated. Nguyen's mandamus application did not toll the limitations period.

### 3.    State-Created Impediment

Nguyen asserts that he is entitled to statutory tolling because he was in federal custody and had no access to Texas legal materials.  He asserts that he made several efforts to obtain materials and legal assistance to file a habeas application to challenge his state-court conviction, but his attempts were in vain.  Nguyen states that he took the following steps to challenge his conviction in state court:

(1)    On October 15, 1997, he wrote the Harris County District Clerk about the court's judgment.

(2)    On August 11, 1998, the judgement and sentence were sent to him.

(3)     On June 26, 2000, he wrote to the Harris County District Clerk requesting legal assistance and was informed he would have to write to State Staff Counsel for Inmate Legal Services.

(4)     On January 22, 2001, the State Counsel for Offenders informed him that because he was not actually incarcerated within the TDCJ-CID, they could not assist him.

(5)     On November 28, 2001, Nguyen filed with the Harris County, Texas District Clerk a Motion to Withdraw Guilty Plea Based On Noncompliance With Tenets Of Plea Agreement.

(6)     On July 19, 2002, he mailed a letter to the Harris County, Texas District Clerk inquiring into the status of his Motion.

(7)     On July 27, 2002, Nguyen again mailed copies of his motion and attachments.

(8)     On December 14, 2005, he filed with the Texas Court of Criminal Appeals the Application for a Writ of Mandamus.

(9)     On June 28, 2005, Nguyen mailed a motion for a copy of the record with attached affidavit to challenge his "Texas state conviction."

(Docket Entry No. 6, Petitioner's Response, pp. 2-4 and Attachments D-K).

The Fifth Circuit has considered similar arguments based on an inmate's difficulty in accessing state legal materials. In *Egerton v. Cockrell,* 334 F.3d 433 (5th Cir. 2003), the district court in the *Egerton* case had initially dismissed the habeas corpus petition filed under § 2254 as time-barred. 334 F.3d at 434-5. The petitioner argued that during his incarceration, he was denied all access to a law library and denied any legal materials. *Id.* at 435. He also alleged that, once he was given access to a law library, it was inadequate because it lacked the federal materials necessary

for him to pursue habeas relief, including the book containing 28 U.S.C. § 2244(d)(1), which set the applicable limitations period. *Id.* The district court found that the inmate had not alleged sufficient facts to entitle him to either statutory or equitable tolling and dismissed the petition as time-barred. *Id.* It also denied the petitioner's request for a COA. *Id.* The Fifth Circuit granted a COA with a limited remand to determine "whether Egerton was aware of the existence of [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] prior to the expiration of the limitations period." *Id.* On remand, the respondent failed to produce any evidence that the prison unit had any information about the federal statute in its law library. *Id.* at 436. The district court concluded on remand that the library did not contain the statute and that Egerton did not have actual knowledge of the AEDPA. *Id.* The Fifth Circuit then granted a second COA to determine "whether inadequacy of [the petitioner's] prisons' law libraries constituted a state created impediment under § 2244(d)(1)(B)." *Id.* at 436. The Fifth Circuit ultimately held in certain circumstances, a prison library that did not have copies of the AEDPA with the section on the limitations period for filing habeas petitions, could constitute a state impediment that would toll the one-year limitations period under § 2244(d)(1)(B). *Id.* at 438-39. The *Egerton* court distinguished the case before it from various other cases in which the court had held that the lack of an adequate prison library would not result in statutory or equitable tolling. *Id.* at 437-438. The primary distinction was that on remand, the respondent had failed to produce any evidence showing that the federal statute was present in the prison library. *Id.* at 436, 438. The court stated that "[i]n order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d at 436. "[A] state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement

. . . constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)." *Id.* at 439.  If a prisoner is prevented from timely filing a federal habeas petition due to a constitutionally inadequate law library, the AEDPA limitations period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed . . . ."  28 U.S.C. § 2244(d)(1)(B); *Egerton,* 334 F.3d at 438-39.

Nguyen argues that the lack of Texas legal materials in federal custody constituted an impediment to filing his federal petition under § 2254 challenging his state conviction.  Even assuming that the limitations period was statutorily tolled until Nguyen was returned to TDCJ custody, this federal petition is still untimely.  Nguyen was transferred to the TDCJ on October 17, 2007.  (Docket Entry No. 13, Respondent's Motion for Summary Judgment, Ex. A, p. 2).  Nguyen waited another 330 days before filing his state habeas application on September 11, 2008.  *Ex parte Nguyen,* Application No. 63,656-02 at cover.  Although Nguyen argues that his state habeas application should be deemed filed on July 28, 2008, the date he placed it in the prison mail system, (Docket Entry No. 16, Petitioner's Response, p. 7), the Fifth Circuit has held that the mailbox rule does not apply to state habeas applications in Texas. *Howland v. Quarterman,* 507 F.3d 840, 843-45 (5th Cir. 2007).

The Texas Court of Criminal Appeals denied Nguyen's state habeas application on February 4, 2009.  On that date, thirty-five days of the limitations period remained for Nguyen to file his federal suit.  The extended limitations period for filing the federal petition ended on Wednesday, March 11, 2009.  Nguyen filed this federal petition on May 19, 2009, sixty-nine days after the limitations period had ended.

8

Nguyen argues that the limitations period should not begin until he reached his unit of assignment, the Terrell Unit. (Docket Entry No. 16, Petitioner's Response, p. 21). He argues that before that date, he was in transit facilities without access to proper legal resources. Nguyen states that he arrived at the Terrell Unit on November 20, 2007. (Docket Entry No. 6, Petitioner's Response, p. 4). This court learned through telephone inquiry that Nguyen arrived at the Garza West Unit on October 17, 2007; transferred to the Darrington Unit on October 29, 2007; transferred to the Byrd Unit on October 30, 2007; transferred to the Goree Unit on November 15, 2007; and transferred to the Terrell Unit on November 21, 2007. Even if this court tolled the limitations period from October 17, 2007, (the date Nguyen arrived at the Garza Unit) to November 21, 2007 (the date he was assigned to the Terrell Unit), a total of thirty-five days, his federal petition is still untimely by thirty-four days.

### B.    Equitable Tolling

The Fifth Circuit has recognized that the one-year limitations period for filing habeas petitions established in § 2244(d)(1) is not jurisdictional. Equitable tolling may apply. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," we ordinarily "draw on general principles to guide when equitable tolling is appropriate." *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling operates only "in rare and exceptional circumstances" necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis,* 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling applies "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in

9

some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted).  Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id.*

Equitable tolling "will not be granted if the applicant failed to diligently pursue his rights." *Larry v. Dretke,* 361 F.3d 890, 897 (5th Cir. 2004).  The applicant bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir.), *modified on reh'g,* 223 F.3d 797 (5th Cir. 2000).

A district court "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).  The Fifth Circuit has repeatedly held that an inadequate law library is not a "rare and exceptional" circumstance that warrants equitable tolling of the AEDPA limitations period. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) (holding that a *pro se* prisoner's incarceration before the enactment of the AEDPA and his lack of notice of the statute of limitations "does not present an extraordinary circumstance warranting equitable tolling"); *Fisher,* 174 F.3d at 714 (holding that a lack of notice of AEDPA provisions does not warrant equitable tolling); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (denying a request for equitable tolling based on an "inadequate law library" in the petitioner's prison).  Ignorance of the law and the lack of knowledge of filing rules and deadlines do not justify equitable tolling. *Fisher,* 174 F.3d at 714; *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991).  Unfamiliarity with the legal process does not merit equitable tolling. *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999).  "It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." *Id.*  Unfamiliarity with the English

language is generally insufficient to warrant equitable tolling. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

Nguyen was born on January 1, 1966 in Vietnam and immigrated to the United States in 1980. Nguyen states that when he came to this country, he did not speak, write, or understand English and still has only a limited understanding of the English language and very little understanding of the law, especially Texas law. Nguyen argues that his test scores show that his language, reading comprehension, spelling, and vocabulary scores are far below standard and rate him as functionally illiterate. Nguyen states that his testing scores during his initial processing into the TDCJ-CID reveal his Educational Achievement Score to be .1 (first month of first grade) and his I.Q. to be 83, which is below average even in the prison environment.

In support of this argument, Nguyen offers an Inmate Education Data Transcript. (Docket Entry No. 6, Petitioner's Response, p. 6, Attachment M, p. 1). This document generated by the United States Penitentiary at Terre Haute dated July 11, 2007 shows that Nguyen had the following test scores: language 5.0; problem-solving 13.0; reading comprehension 8.9; spelling 6.2; and vocabulary 3.1. This document provided by Nguyen does not include the maximum possible scores for the tests mentioned. This document further shows that Nguyen is "English proficient"; that he studied personal finance, health and nutrition, Spanish, and advanced math; and that he took 1,080 hours of intermediate course work toward his GED. His progress toward the GED was described as unsatisfactory.

Nguyen offers the affidavit of another inmate, Mark Fronckiewicz. Fronckiewicz states that he met Nguyen in April 2009 and has helped in his postconviction proceedings. Fronckiewicz states that Nguyen does not have a good command of the English language and reads at an elementary

level. Fronckiewicz spent hours talking with Nguyen and was able to piece together the procedural history of Nguyen's case. (Docket Entry No. 6, Petitioner's Response, Attachment L, pp. 1-2). Fronckiewicz assisted Nguyen in filing a skeletal habeas petition. Nguyen states that he is unable to provide any documents establishing that he is illiterate. (Docket Entry No. 16, Petitioner's Response, p. 25).

Based on this record, Nguyen has failed to meet his burden of showing that equitable tolling is warranted. *See Coleman,* 184 F.3d at 402. Nguyen does not allege or present any facts indicating an extraordinary circumstance. Many inmates are not fluent in English and the cases show that ordinarily, unfamiliarity with the English language does not warrant equitable tolling. Moreover, the record shows that Nguyen has been able to participate in prison classes and work toward a GED.

Nguyen next argues that his IQ of 83 made him mentally incompetent to litigate his postconviction proceedings. (Docket Entry No. 6, p. 6). The Supreme Court held that it is unconstitutional to give the death penalty to an individual with an IQ of 59. *See Atkins v. Virginia,* 536 U.S. 304, 309-10 (2002). But there is no categorical rule that equitable tolling applies when an individual has an IQ similar to Nguyen's. The Fifth Circuit has recognized that mental incompetence might support tolling the one-year statute of limitations. *See Fisher,* 174 F.3d at 715 (citing *Hood v. Sears, Roebuck & Co.,* 168 F.3d 231, 232-33 (5th Cir. 1999) (assuming that mental illness would support equitable tolling "if the illness . . . prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them")). For tolling to apply on this basis, a petitioner must show that the mental illness or limitation actually made him unable to pursue his legal rights during the relevant period. *Fisher,* 174 F.3d at 715-16. To satisfy his evidentiary burden, Nguyen must provide information showing that his mental impairment prevented him from

12

managing his legal affairs or understanding his legal rights. *Hood v. Sears, Roebuck & Co.,* 168 F.3d 231, 232-33 (5th Cir. 1999). The record does not meet this burden of showing that Nguyen's intellectual limits actually prevented him from filing his federal petition within the limitations period. Nguyen's reference to his low IQ and inability to comprehend concepts is insufficient to carry the evidentiary burden required to invoke equitable tolling. The facts that Nguyen engaged in extensive legal correspondence and filed his state motion for mandamus relief, motion to withdraw guilty plea, this federal habeas petition, and response to the respondent's dispositive motion are evidence that he is either sufficiently competent to file, or to enable others to help him file, the appropriate legal papers. Nguyen's own pleadings detail his efforts to obtain legal materials and assistance in litigating his postconviction challenges. As early as October 15, 1997, Nguyen requested documents from the state court. On November 28, 2001, he moved to withdraw his guilty plea. Nguyen at no time alleged or argued that his mental capacity has somehow declined between these dates and the deadline for filing his federal petition. Nguyen's language difficulties and IQ do not warrant equitable tolling.

The record does not disclose any other basis to apply equitable tolling. *See Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007 (1999). Nguyen's delay in filing his state habeas application mitigates against the application of the tolling doctrine. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied,* 529 U.S. 1099 (2000). Nguyen may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d

13

168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991).  *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992) (holding that neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Worthen v. Kaiser,* 952 F.2d 1266, 1268-68 (10th Cir. 1992) (petitioner's failure to discover the legal significance of the operative facts does not constitute cause).  Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations; *pro se* litigants are the rule, not the exception, in § 2254 suits.  *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993).  The record does not indicate that any unconstitutional state action prevented Nguyen from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B).  Nguyen's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  Nguyen's claims relate to the guilty plea entered on July 15, 1997.  Nguyen has not shown that he did not know of the factual predicate of his claims earlier.  28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The pleadings and state court records show that Nguyen's federal petition is untimely.  The respondent is entitled to judgment as a matter of law.

## III.    Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 13), is granted. Nguyen's petition for a writ of habeas corpus is denied.  This case is dismissed with prejudice. Nguyen's motion for the appointment of counsel, (Docket Entry No. 14), and motion for evidentiary hearing, (Docket Entry No. 15), are denied as moot.  All remaining pending motions are denied as moot.

The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right.  *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling.  *Womack v. Thaler,* 591 F.3d 757 (5th Cir. 2010) (citing *Slack,* 529 U.S. at 484).  Nguyen has not made the showing necessary for issuance of a COA.

SIGNED on August 19, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge